Mr. Justice Cox
delivered the opinion of the court.
This is a case in which the plaintiff went upon the cars of the defendant and on first attempting to enter was forbidden to do so by another person. He appealed to the conductor, who took him into the car and gave him a seat. Immediately afterwards he was assaulted by this other man, and he says he appealed to the conductor for protection, but instead of protecting him he says the conductor insulted him, and left h|m to his fate, and he was ejected from the car in a rather pitiable condition.
We have gone over this case generally, and have examined the instructions given by the court, and do not find any error in the ruling of the court on the whole question presented. One of the principal questions submitted was whether exemplary damages could be awarded by the jury in favor of the plaintiff. We are not favorable to the doctrine of exemplary damages against a corporation, but we cannot close our eyes to the fact that the Supreme Court has recognized with approval the decisions of the State courts to the effect that when the agents of a railroad company are guilty of conduct which is malicious or is intentionally negligent, so as to amount to a reckless disregard of the rights of passengers, a jury may award exemplary damages, and we think that the law, as applicable to the facts in this case, was properly presented by the court to the jury. There was evidence tending to show, in the case under consideration, that the agent of the defendant was guilty of wilful and intentional neglect.' There is, however, one question still left open. A motion was made for a new trial in this case on the. ground of excessive damages. That motion was overruled and an appeal was taken which brings before us the question of excessive damages.
*125 The jury awarded the plaintiff in this case in their verdict, damages to the amount of five thousand dollars, at least ten, if not twenty times, as much as would have actually covered all the damages he received and would have been ample compensation to him we think. All in excess of this is merely a fine imposed upon the company which goes into the pocket of the plaintiff.
It is claimed that where exemplary damages are given by a jury the court will not interfere in the matter. The court does hesitate to interfere in this respect, particularly in certain cases, such as slander, libel, &c. In those cases we seldom intefere with the verdict rendered by a jury, where the damages are almost always exemplary. Still, when we think the verdict rendered, is out of all proportion to the injuries received, we feel it our duty to interfere. In this case we do not hesitate to say that we regard this verdict as grossly excessive. We think that five hundred dollars would have been an ample amount for the injury sustained, and we regard all in excess of that amount as merely a punishment of the defendant. We have therefore concluded to grant a new trial unless the plaintiff will remit thirty-five hundred dollars of the amount awarded and let the verdict stand at fifteen hundred dollars.